IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROBERT LEVI, on behalf of himself and others similarly situated, | § § § § | CIVIL ACTION NO. <u>4:17-cv-</u>00441 |
| *Plaintiffs*, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| LIGHT ME UP SIGNS LLC, d/b/a YESCO HOUSTON, | § § § | COLLECTIVE ACTION |
| *Defendant.* | § § | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

### I.     SUMMARY

1.     LIGHT ME UP SIGNS LLC d/b/a YESCO Houston (hereinafter, collectively, "YESCO"), a lighting and sign repair company that provides its installation and maintenance services in and around the Houston, Texas area, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that YESCO is legally obligated to pay.

2.     Plaintiff Robert Levi worked for YESCO as a Service Technician in and around its Stafford, Texas location and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he is due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former, hourly-paid YESCO Service Technicians to recover unpaid wages and overtime compensation,

liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Levi worked as a Service Technician for YESCO in and around Stafford, Texas. He serviced various commercial signs and lighting displays, including providing services such as installation, repairs, and maintenance. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Levi's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid Service Technicians, who were employed by YESCO during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant LIGHT ME UP SIGNS LLC d/b/a YESCO Houston is a Domestic For Profit Limited Liability Company with a principal place of business at 12919 Southwest Fwy Ste 150, Stafford, Texas 77477 that is engaged in commerce in the

United States and is otherwise subject to the FLSA. YESCO employs Plaintiff within the meaning of the FLSA. YESCO may be served with process by serving its Registered Agent, Michael G. Robideau at 110 Guenther St., Sugar Land, Texas 77478.

## IV.  BACKGROUND

8.      YESCO produces custom signs, lighting and other display systems for various types of businesses and has locations throughout the United States, including Southwest Texas. YESCO also provides repair, installation, and maintenance-related services for such signs, lighting, and other display systems. Upon information and belief, YESCO employs other Service Technicians similarly situated to Plaintiff to service its customers.

9.      YESCO's Service Technicians perform various installation, repair, and maintenance-related services for customers. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, YESCO did not pay its Service Technicians one and one-half times their regular rate for all hours in excess of 40 each week. Instead, YESCO only pays its Service Technicians overtime when they work in excess of 80 hours every two weeks. As a result, YESCO fails to properly compensate its employees under the FLSA.

10.     YESCO also deducted one hour each day for lunch from its Service Technicians' pay, even though Plaintiff and other Service Technicians often did not take lunch breaks. Furthermore, YESCO improperly deducted overtime hours from Plaintiff's pay stubs on the basis of needing to pay for alleged damaged products.

11.     YESCO also failed to compensate Plaintiff and, upon information and belief, the other Service Technicians for the time required to pick up the company truck that was integral to his primary duties, which was stored at a different location than YESCO's main office.  For example, if Plaintiff and, upon information and belief, the other Service Technicians clocked in at 6:45 a.m. when they picked up the work truck, then arrived at YESCO's main office at 7:30 a.m., YESCO would not count that 45-minute period as work time and would adjust the clock-in time to 7:30 a.m.

## V.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A.     *YESCO Failed to Properly Pay Regular and Overtime Compensation.*

12.     Plaintiff worked for YESCO as a Service Technician, where he installed and repaired various signs and lighting displays.  During his employment, Plaintiff frequently worked five consecutive days during a workweek.  In a workweek, Plaintiff often worked approximately 55 or more hours.

13.     YESCO paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid on a biweekly basis.  Additionally, Plaintiff was deducted one hour each day for lunch, though Plaintiff commonly did not take a lunch break.

14.     For all hours Plaintiff worked up to 80 hours for every two-week pay period, Plaintiff was compensated at his regular rates of pay (or not at all for some hours worked, given the improper deductions with regards to lunch and damaged products). YESCO only compensated Plaintiff for overtime hours worked in excess of 80 hours for a two week period, and failed to compensate him at all for some hours worked because it reduced his total hours worked or does not count certain hours as "hours worked" for

4

purposes of regular and overtime pay. Additionally, YESCO improperly deducted hours from Plaintiff's pay check to pay for damaged products.

15.     The FLSA requires YESCO to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week. YESCO should have paid Plaintiff for 40 hours of regular pay and at least 15 hours or more of overtime in a typical workweek, but YESCO failed to pay the Plaintiff that amount.

16.     By failing to pay Plaintiff as described above, YESCO has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.     *YESCO Willfully Violated the FLSA.***

17.     The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. YESCO failed to follow these rules when paying Plaintiff.

18.     YESCO had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. YESCO should have paid its employees their regular rate for all hours actually worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

5

19.    YESCO knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI.    COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff is aware that YESCO's illegal policies or practices have been imposed upon Members of the Class.  Like Plaintiff, the Members of the Class are employed by YESCO as Service Technicians, performing repairs, installation, and maintenance-related services to YESCO's customers in and around the Southwest Houston area.  The Members of the Class perform job duties similar to Plaintiff, as described above.

21.    As with Plaintiff, Members of the Class frequently worked approximately 10-hour or longer shifts for approximately five consecutive days, Monday through Friday.  Thus, the Members of the Class often worked approximately 55 hours per week or more.

22.    As with Plaintiff, Members of the Class are paid biweekly.  Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23.    YESCO's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice at YESCO to pay its employees for less than all of the regular and overtime hours a Service Technician is suffered or permitted to work.  As such, the Members of the Class are owed

additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

24. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly paid Service Technicians, who were employed by YESCO during the three-year period preceding the filing of this complaint.**

25. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

27. The preceding paragraphs are incorporated by reference.

28. As set forth above, YESCO violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

29. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

30. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

31. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII. JURY DEMAND

32.     Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against LIGHT ME UP SIGNS LLC d/b/a YESCO Houston for:

1.      damages for the full amount of their unpaid wages;

2.      damages for the full amount of their unpaid overtime compensation;

3.      an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4.      reasonable attorneys' fees, costs and expenses of this action;

5.      pre-judgment and post-judgment interest at the highest rate allowed by law; and

6.      such other and further relief as may be allowed by law.

DATED this 10th day of February, 2017.     Respectfully submitted,

BAILEY PEAVY BAILEY COWAN HECKAMAN  PLLC

By: /s/        Robert W. Cowan
   Robert W. Cowan
   Attorney-in-Charge
   Federal Bar No. 33509
   Texas Bar No. 24031976
   Justin Jenson
   Texas Bar No. 24071095
   Katie McGregor
   Texas Bar No. 24098079

440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone:  (713) 425-7100
Facsimile:  (713) 425-7101
rcowan@bpblaw.com
jjenson@bpblaw.com
kmcgregor@bpblaw.com